UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**YOHANNA GERGES**
**Individually, and behalf of all others**
**Similarly situated,**

    **Plaintiffs,**

                                      No.: 1:21-CV-00810-KK-GJF

**v.**

**WELLS FARGO BANK, N.A.**

    **Defendants.**

### AMENDED CLASS ACTION COMPLAINT

COMES NOW, Plaintiff Yohanna Gerges and those similarly situated by and through undersigned counsel (A. Blair Dunn, Esq. and Jared R. Vander Dussen, Esq.) and brings this class action complaint against Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"). Plaintiff would respectfully show the Honorable Court as follows:

### INTRODUCTION

1. At an unprecedented time of severe national need, Wells Fargo chooses privileged discriminatory policies driven by corporate greed over the recognized and urgent needs of America's small businesses along with combining with usury pressures designed to deprive individuals of statutory protections.

2. Authorized by Congress and the President of the United States under the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ("CARES Act") and its loan programs to administer billions of dollars in federal funding to small businesses in a fair, equitable and uniform manner, Defendant implemented a loan process that unlawfully prioritized its existing

1

business clients at the expense of not only its own clients without business checking accounts, but also other small businesses from applying for funds from the governmental loan programs.

3. Nothing in the CARES Act authorizes or permits the Defendant to pick and choose who would gain access to, or benefit from, the federally backed lending program. Additionally, the priority of access to these limited funds is material – the demand was/is overwhelming as America responds to the economic tsunami of COVID-19 upon small businesses.

4. Plaintiff Gerges brings this action on behalf of himself and his small business, and all others similarly situated, against Wells Fargo for violations of the CARES Act, the Small Business Administration's ("SBA") 7(A) loan program, 15 U.S.C. § 636(a), and a declaratory judgment pursuant to 28 U.S.C. § 2201.

5. The Paycheck Protection Program ("PPP"), which is part of the $2 trillion stimulus package created by the CARES Act in response to the COVID-19 pandemic signed into law on March 27, 2020, empowers lenders (and only lenders) to make available as much as $349 billion in government-guaranteed loans to cover eight weeks of payroll and other expenses for small businesses across the U.S. In most cases, a large portion of these loans are intended to be forgiven.

6. Plaintiff was required to open a business checking account in addition to his personal account but was never shown nor provided a copy of the agreement for the account, being instead pressured to give his election signature if he was to receive the PPP he desperately needed to survive.

7. On March 22, 2021 Plaintiff submitted a complete PPP application to Wells Fargo

8. Upon completion and submission, the Plaintiff was never provided a copy of the agreement before or after endorsement.

9. Plaintiff was denied a second draw on the PPP loan.

10. In essence, Wells Fargo has denied access to the PPP program to small businesses that do not have a commercial banking relationship with the bank or that present a higher risk of default like Plaintiff. Plaintiff was thus prohibited by Wells Fargo from obtaining a PPP loan with Wells Fargo, despite otherwise meeting the statutory requirements for a PPP loan and despite having a preexisting relationship for over 10 years.

11. Although not material to this class action, Wells Fargo's purpose and motivation behind its discriminatory practice is transparent – it is prioritizing its balance sheet by supporting preexisting customers it deems to be good risk, in many cases like Plaintiff's with preexisting commercial loans issued by Wells Fargo, through the PPP program at the expense of qualifying small businesses who do not have a prior and existing relationship with Wells Fargo or that the bank decided were a higher risk of default under these loans like Plaintiff.

12. Wells Fargo's discriminatory practices are abhorrent and in violation of federal law. In this time of critical and severe national need that the U.S. Government recognized and immediately acted upon, Wells Fargo's discriminatory practices can only be described as corporate greed, highly offensive and illegal.

## JURISDICTION AND VENUE

13. Plaintiff, on behalf of himself and the New Mexico Class, brings this action pursuant to the CARES Act, a federal statute. Subject matter jurisdiction of this Court is invoked pursuant to the New Mexico Constitution. There are members of the Class who are citizens of New Mexico.

14. Venue is proper in the Second Judicial District, as Mr. Gerges is a resident of this District.

15. Plaintiff, Yohanna Gerges, is a sole proprietor owning a small business concern. Plaintiff resides in, and his business is located in, Bernalillo County, New Mexico. Plaintiff is a small business engaged in the gig economy that qualifies as an eligible applicant for a PPP loan under the CARES Act.

16. Defendant Wells Fargo Bank, N.A. is a national banking association organized under the laws of Delaware, with its principal executive offices at 101 North Phillips Avenue, Sioux Falls, South Dakota. Wells Fargo has transacted and continues to transact business in this District of New Mexico.

17. The CARES Act is the largest economic relief bill in U.S. history and will allocate $2.2 trillion in support to individuals and businesses affected by the coronavirus pandemic and resulting economic downturn.

18. As part of the relief provided, the CARES Act expands the eligibility criteria for borrowers to qualify for loans that are available through the SBA by adding the PPP to the SBA's gamut of loan programs.

19. The PPP provides federally guaranteed loans up to a maximum amount of $10 million to eligible businesses, which can be conditionally forgivable, to encourage businesses to retain employees through the COVID-19 crisis by assisting in the payment of certain operational costs. To accommodate for this SBA expansion, the CARES Act has authorized commitments to the SBA 7(a) loan program, as modified by the CARES Act, in the amount of $349 billion.

20. Eligible individuals and entities under the PPP include small businesses and eligible nonprofit organization, Veterans organizations, and Tribal businesses described in the Small Business Act, as well as individuals who are self-employed or are independent contractors who meet program size standards.

21. The SBA's interim final rule on the PPP provides the following information as to who is eligible for a PPP loan:

> You are eligible for a PPP loan if you have 500 or fewer employees whose principal place of residence is in the United States, or are a business that operates in a certain industry and meet the applicable SBA employee-based size standards for that industry, and:
>
> You are:
>
> A. A small business concern as defined in section 3 of the Small Business Act (15 USC 632), and subject to SBA's affiliation rules under 13 CFR121.301(f) unless specifically waived in the Act;
>
> B. A tax-exempt nonprofit organization described in section 501(c)(3) of the Internal Revenue Code (IRC), a tax-exempt veterans organization described in section 501(c)(19) of the IRC, Tribal business concern described in section 31(b)(2)(C) of the Small Business Act, or any other business; and
>
> ii. You were in operation on February 15, 2020 and either had employees for whom you paid salaries and payroll taxes or paid independent contractors, as reported on a Form 1099-MISC. You are also eligible for a PPP loan if you are an individual who operates under a sole proprietorship or as an independent contractor or eligible self-employed individual, you were in operation on February 15, 2020. You must also submit such documentation as is necessary to establish eligibility such as payroll processor records, payroll tax filings, or Form 1099-MISC, or income and expenses from a sole proprietorship. For borrowers that do not have any such documentation, the borrower must provide other supporting documentation, such as bank records, sufficient to demonstrate the qualifying payroll amount.

13 FR Part 120, pp. 5-6.

22. The "General Eligibility" section of the PPP loan lender application form lists only two requirements for a PPP loan to be approved:

> The Applicant has certified to the Lender that (1) it was in operation on February 15, 2020 and had employees for whom the Applicant paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC, (2) current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant, (3) the funds will be used to retain workers and maintain payroll or make mortgage

   interest payments, lease payments, and utility payments, and (4) the Applicant has not received another Paycheck Protection Program loan; and,

   The Applicant has certified to the Lender that it (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, meets the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.

SBA Form 2484

23. Plaintiff is a "small business" as defined under the SBA guidelines and qualifies as an eligible applicant for a PPP loan.

24. Plaintiff was ineligible to apply for a PPP loan under Wells Fargo's self-declared criterion that created an impermissible restriction upon, and violated, the CARES Act.

## COUNT I
## Violations of the CARES Act, H.R. 748

25. Plaintiff alleges and incorporates by reference all allegations asserted in the previous paragraphs.

26. The CARES Act, a $2 trillion stimulus package in response to the COVID-19 pandemic that was signed in to law on March 27, 2020, includes the PPP, which empowers lenders to make available as much as $349 billion in government-guaranteed loans to cover eight weeks of payroll and other expenses.

27. There is an implied cause of action arising under the CARES Act.

28. The CARES Act, along with the SBA's interim final rule on the PPP, provides the sole eligibility requirements to apply for a PPP loan.

29. The purpose of the CARES Act's PPP is to assist all entities and individuals who qualify and to provide equal access to those funds.

6

30. In flagrant disregard for law, Wells Fargo has nevertheless decided to protect itself through the PPP program – rather than intended entities and individuals.

31. Plaintiff and members of the Class met the eligibility requirements for a PPP loan. Nevertheless, Wells Fargo refused to allow Plaintiff and similarly situated members of the Class to apply for a PPP loan.

32. As a direct and proximate result of Wells Fargo's wrongful actions, Plaintiff and Class members have suffered damages up to $10 million each due their inability to apply for a PPP loan with Wells Fargo despite being otherwise eligible to apply.

## COUNT II:
## Violations of the SBA's 7(a) Loan Program, 15 U.S.C. 636(a)

33. Plaintiff alleges and incorporates by reference all allegations asserted in the previous paragraphs.

34. The SBA's 7(a) loan program is designed to help start-up and existing small businesses obtain financing when they might not otherwise be eligible for business loans. Under the program, a participating lender executes the loan with the borrower according to specific SBA requirements.

35. The PPP is part of the SBA's 7(a) loan program.

36. There is an implied cause of action arising under the SBA's 7(a) loan program.

37. In flagrant disregard for law, Wells Fargo has decided to protect itself through the SBA's 7(a) PPP program – rather than intended entities and individuals – by not providing an adequate form for the Plaintiff to be able to apple for a second round of PPP loans.

38. As a direct and proximate result of Wells Fargo's wrongful actions, Plaintiff and Class members have suffered damages due their inability to apply for or receive a PPP loan with Wells Fargo despite being otherwise eligible.

## COUNT III:
## Declaratory Judgment

39. Plaintiff alleges and incorporates by reference all allegations asserted in the previous paragraphs.

40. There was an actual controversy between Wells Fargo and the Class (including Plaintiff) concerning the application of the PPP.

41. Pursuant to the New Mexico Declaratory Judgement Act this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

42. Wells Fargo wrongfully prevented entities and individuals from applying for PPP loans from Wells Fargo, despite meeting all federally imposed PPP loan eligibility requirements.

43. Plaintiff and the Class are likely to succeed on the merits of their causes of action set forth in Counts I-III.

## **CLASS ALLEGATIONS**

44. Plaintiff Gerges brings this action as a class action pursuant to NMRA Rule 1-023. Plaintiff seeks to represent the following Class.

   (1) All consumers in New Mexico who applied for or attempted to apply for PPP loans through Wells Fargo during the applicable limitations, for their personal use, rather than for resale or distribution ("New Mexico Sub-Class").

45. Excluded from the Class are (1) Defendant, any entity or division in which any Defendant has a controlling interest, and Defendant's legal representatives, officers, directors, assigns, and successors; and (2) the judge to whom this case is assigned and the judge's staff.

46. The requirements of Rule of Civil Procedure 23 are satisfied:

    A.    <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is currently unknown to Plaintiff Gerges, based on Defendant's small business clientele estimates that each will number greater than 40, if not more.

    B.    <u>Commonality</u>: There are questions of law and fact that are common to the Class members and that predominate over individual questions, and therefore, the requirements of Rule 23(b)(3) are met. The common questions of law and fact include the following:

    i.    Whether Defendant materially misrepresented, either through express or implied representations, that they would fairly process applications for PPP loans for small business as provided for by the federal laws;

    ii.    Whether Defendant misrepresented and/or failed to disclose material facts concerning their internal criteria and then used that criteria to deny eligible small business the benefits of a critical federal program;

    iii.    Whether Defendant's conduct injured consumers and, if so, the extent of the injury;

    iv.    Whether Plaintiff Gerges and the Class members are entitled to injunctive relief; and

    viii.    The appropriate remedies for Defendant's conduct.

    C.    <u>Typicality</u>: Plaintiff Gerges's claims are typical of the claims of the

Class because Plaintiff Gerges suffered the same injury-i.e., Plaintiff Gerges was an eligible small business person that was denied the benefits of a federal program based on Defendant's conduct.

D.      Adequacy: Plaintiff Gerges will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff Gerges does not have any interests that are adverse to those of the Class members. Plaintiff Gerges has retained competent counsel experienced in class action litigation and intends to prosecute this action vigorously.

E.      Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Since the damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged.

47.     The prerequisites for maintaining a class action for injunctive or equitable relief under NMRA 1-023 are met because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

### COUNT IV - Violation of the New Mexico Unfair Practices Act
### (On Behalf of Plaintiff and the New Mexico Subclass)

48.     Plaintiff Gerges repeats the allegations in all the foregoing paragraphs as if fully set

forth herein.

49. Plaintiff Gerges brings this claim on his own behalf and on behalf of the Class.

50. The Unfair Practices Act (N.M.S.A. §§ 57-12-1 *et seq.* ("UPA")) declares unlawful all "[u]nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce." N.M.S.A. § 57-12-1. The UPA is to be liberally construed to protect the public and encourage fair and honest competition.

51. Defendant has acted unfairly and deceptively, in violation of the UPA, by advertising to consumers that they could obtain the benefits of the federal PPP program through Wells Fargo. This representation was likely to mislead consumers acting reasonably under the circumstances and did mislead consumers acting reasonably under the circumstances.

52. Having made these representations, Defendant has acted unfairly and deceptively, in violation of the UPA, by denying applications for improper reasons and even denying eligible small businesses the opportunity to apply based upon internal procedures.

53. Defendant's representations and omissions were material to consumers. Defendant's representations and omissions led consumers to believe they could obtain small business PPP relief from Defendant. Defendant's representations and omissions led consumers to apply or attempt to apply with Wells Fargo to their detriment.

54. Although it is not necessary for Plaintiff Gerges to prove that Defendant intended to act unfairly or deceptively, on information and belief, Defendant did so intend, and did knowingly capitalize on their reputation to make material representations and omissions to small business consumers in New Mexico.

55. Defendant acted with malice, ill will, or wanton conduct in deceiving New Mexico

11

consumers about how they could obtain PPP relief through Defendant.

56. Pursuant to NMSA § 57-12-10, a person who sustains injury or damages as a result of practices prohibited by UPA may sue for equitable relief and to recover damages or return of consideration. Plaintiff Gerges sustained injury and damages when he saw Defendants' representations about the Defendant accepting and aiding small business applications to obtain PPP relief.

57. Plaintiff Gerges brings this claim for violation of the UPA on his own behalf, and on behalf of other New Mexico consumers who saw the advertisements regarding obtaining PPP loans through Wells Fargo. Plaintiff Gerges is a "person'" pursuant to NMSA § 57-12-2.

58. Plaintiff Gerges and members of the Class are entitled to:

    a. equitable relief;

    b. actual damages or the sum of one hundred dollars ($100), whichever is greater;

    c. exemplary damages for Plaintiff Gerges only as to himself up to three times actual damages or three hundred dollars ($300), whichever is greater; and

    d. attorneys' fees and costs

    e. punitive damages.

NMSA § 57-12-10.

## DEMAND FOR JURY TRIAL

59. Plaintiff and members of the Class herein make formal demand for a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class (and any future sub-classes), prays for the following relief from this Honorable Court:

    a. Pursuant to NMRA 1-023, certify this civil action as a class action, designate Plaintiff as

    Class representative, and appoint counsel for Plaintiff as Class Counsel;

b. Permanently enjoin Wells Fargo from engaging in the wrongful and unlawful conduct alleged herein, viz., depriving Plaintiff and members of the Class from the rights and benefits bestowed by the CARES Act and its regulations;

c. Direct Wells Fargo to make available to Plaintiff and to members of the Class all of the rights and benefits under the CARES Act and its regulations;

d. Award damages, including compensatory, exemplary, and statutory damages, to Plaintiff and to each member of the Class in an amount to be determined at trial, for the acts complained of herein;

e. Award Plaintiff and members of the Class their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

f. Award Plaintiff and members of the Class pre-judgment and post-judgment interest at the highest legal rate to the extent provided by law; and

g. Grant all other and further relief to which Plaintiff and members of the Class are entitled by law or in equity as may be determined by the Court to be just, equitable and proper.

    Respectfully submitted,

    */s/ A. Blair Dunn*
    A. Blair Dunn, Esq.
    abdunn@ablairdunn-esq.com
    Jared R. Vander Dussen, Esq.
    Warba.llp.jared@gmail.com
    Western Agriculture, Resource
    and Business Law Advocates, LLP
    400 Gold St. SW, Suite 1000
    Albuquerque, NM 87102
    (505)750-3060; Fax (505)226-8500

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2021, I filed the foregoing via the CM/ECF filing system and caused a copy to be served upon counsel for Defendants via email.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.