# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

YOHANNA GERGES,
individually and on behalf
of all others similarly situated,

    Plaintiff,

v.                                                                     Civ. No. 1:21-cv-00810 MIS/GJF

WELLS FARGO BANK N.A.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Reconsider. ECF No. 25. Defendant filed a Response, and Plaintiff filed a Reply. ECF Nos. 26, 28. Having reviewed the briefing and considered all relevant law, the Court reaffirms its previous ruling and denies the Motion. Because Plaintiff did not specifically challenge the delegation provisions of the relevant agreements, this Court is required to delegate the issue of unconscionability to the arbitrator.

## BACKGROUND[1]

Plaintiff initiated this suit in the Second Judicial District Court of Bernalillo County on July 20, 2021, alleging various claims in connection with his application for a Paycheck Protection Program ("PPP") loan through Defendant Wells Fargo Bank N.A. ("Wells Fargo"). ECF No. 1-2. Following removal to federal court, Wells Fargo moved to compel arbitration of all Plaintiff's claims based on the provisions of Plaintiff's Business Account

---

[1] A full recitation of the facts and relevant law was included in the Court's prior Memorandum Opinion and Order, see ECF No. 24, and is incorporated by reference herein.

1

Application, Business Account Agreement, and Paycheck Protection Program Promissory Note and Agreement. ECF No. 15.

On December 7, 2021, the Court granted Wells Fargo's Motion to Compel Arbitration. ECF No. 24. The Court stayed the present action and ordered the parties to proceed to arbitration in compliance with the Federal Arbitration Act, 9 U.S.C. § 2, and the agreements signed by Plaintiff during the course of his Wells Fargo Business Account and PPP loan applications. Plaintiff now seeks reconsideration of the Court's Order.

## LEGAL STANDARD

Plaintiff's Motion implicates the Court's power to reconsider interlocutory, rather than final, orders. The Federal Rules of Civil Procedure provide in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). To that end, "district courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007). This power is not subject to any particular standard or framework. *See XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1190 (D.N.M. 2016) (reviewing case law). Orders "short of a final decree" may be reopened at the district judge's discretion. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)).

**DISCUSSION**

In its prior Memorandum Opinion and Order, the Court found that (1) each contract contained an arbitration agreement, (2) each arbitration agreement delegated gateway questions of arbitrability to the arbitrator, and (3) Plaintiff did not specifically challenge any of the delegation provisions. ECF No. 24; *see Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–69, 72 (2010) (provisions delegating arbitrability disputes to the arbitrator must be enforced unless specifically challenged). In his Motion to Reconsider, Plaintiff asserts that the Court erred by ordering arbitration without first addressing his claim that the contracts and their arbitration agreements were unconscionable.

Plaintiff's argument proceeds from a misunderstanding of Tenth Circuit law. He contends that because the various contracts were unconscionable, no "enforceable agreement" existed, triggering a preliminary review by this Court pursuant to *Fedor v. United Healthcare, Inc.*, 976 F.3d 1100, 1103 (10th Cir. 2020). ECF No. 25 at 1. The rule of *Fedor* is that, even when the party opposing arbitration has failed to specifically challenge a provision delegating "gateway questions" of arbitrability, the Court may not ignore the foundational question of "whether an arbitration agreement [was] formed in the first instance." 976 F.3d at 1103. This inquiry does *not* concern whether the agreement was valid or enforceable, but merely "whether any agreement between the parties was ever concluded." *Rent-A-Center*, 561 U.S. at 70 n.2 (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 n.1 (2006)).

Whether an arbitration agreement is unconscionable is a "gateway question[] of arbitrability." *Id*. at 68–69. It was the very question at issue in *Rent-A-Center*, whose plaintiff argued that "the *entire arbitration agreement* [was] unconscionable." *Id*. at 75

3

(emphasis in original). Because the plaintiff did not specifically challenge the validity of the delegation provision, the Supreme Court held that the issue of unconscionability was properly delegated to the arbitrator and could not be settled by the court.

As set forth in its prior Memorandum Opinion and Order, this Court finds the same. Plaintiff's argument that no "agreement to arbitrate was reached in the first instance," ECF No. 25 at 4, appears to be based on the agreements' alleged unconscionability rather than their formation or lack thereof. *See* ECF No. 25 at 1 ("Plaintiff put squarely at issue *on the basis of unconscionability* whether or not an arbitration agreement was formed in the first instance" (emphasis added)). The conscionability of an agreement relates to its validity rather than "whether it was in fact agreed to." *Rent-A-Center*, 561 U.S. at 69 n.1. In other words, unconscionability is a question of validity rather than formation and is not implicated by the holding of *Fedor*.

In an abundance of caution, however, the Court again considers the possibility that no agreement was ever formed between Plaintiff and Wells Fargo. Plaintiff alleges that he "was required to open a business checking account . . . but was never shown nor provided a copy of the agreement for the account, being instead pressured to give his election signature if he was to receive the PPP he desperately needed to survive." ECF No. 11 at ¶ 6. He further alleges that he "was never provided a copy of the [PPP application] agreement before or after endorsement." *Id*. ¶ 8. These allegations fall short of demonstrating that no agreement to arbitrate was ever formed. New Mexico law imposes on every contracting party a duty "to read and familiarize himself with its contents before he signs and delivers it." *Smith v. Price's Creameries*, 650 P.2d 825, 829 (N.M. 1982). This accords with the general rule that a plaintiff's failure to read, understand, or

4

note the existence of an arbitration agreement is insufficient to raise a genuine dispute over whether an agreement was formed, so long as the plaintiff actually signed. *See Walker v. Dillard's, Inc.*, 2019 U.S. Dist. LEXIS 45913, at *8–9 (D.N.M. Mar. 20, 2019) (collecting cases); *Booker v. Robert Half Int'l, Inc.*, 315 F. Supp. 2d 94, 100 (D.D.C. Apr. 28, 2004) (same). Although Plaintiff now contends that there was no "meeting of the minds," ECF No. 25 at 4, the law is clear that a "'meeting of the minds' means mutual assent as reflected by the *objective manifestations* of the parties." *B&W Constr. Co. v. N.C. Ribble Co.*, 734 P.2d 226, 229 (N.M. 1987) (emphasis added); *see also* Rest. 2d of Contracts, § 17. Here, Plaintiff objectively manifested his intent to be bound by Wells Fargo's arbitration agreements by signing not one, but two such documents. *See* ECF Nos. 16-1 at 5; 16-4 at 6; 16-11 at 10–11. Plaintiff may argue unconscionability on the basis of Wells Fargo's pressure tactics and his own desperation. But he must make those arguments before the arbitrator; this Court cannot consider them.

Finding no error of law, the Court respectfully declines to alter its prior ruling.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider (ECF No. 25) is **DENIED**.

_Margaret Strickland_
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

5