## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

YOHANNA GERGES,
individually and on behalf
of all others similarly situated,

    Plaintiff,

v.                                                   Civ. No. 1:21-cv-00810 MIS/GJF

WELLS FARGO BANK N.A.,

    Defendant.

### ORDER VACATING THE COURT'S PRIOR ORDER OF MARCH 15, 2022, AND DENYING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW

THIS MATTER comes before the Court upon review of the Magistrate Judge's Order Granting Motion to Withdraw. ECF No. 34. On March 14, 2022, Plaintiff's counsel filed a motion to withdraw from their representation. ECF No. 32. On March 15, 2022, noting that the motion was unopposed, the Magistrate Judge granted counsel's motion. ECF No. 34. For the reasons that follow, the Court will VACATE its prior Order and DENY counsel's motion to withdraw.

"The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court." *Abell v. Babbitt*, No. 98-2315, 1999 U.S. App. LEXIS 7247, at *5 (10th Cir. Apr. 14, 1999) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). An attorney may withdraw from representation only upon a showing of good cause. *In re Wynn*, 889 F.2d 644, 646 (5th

Cir. 1989); *Leaton v. Navajo Refinery*, Civ. No. 09-cv-382 WPL/CG, 2011 U.S. Dist. LEXIS 165657, at *4 (D.N.M. Feb. 24, 2011); N.M. R. Prof'l Cond. 16-116(B)(7).[1]

Plaintiff's counsel have not established, by way of their motion or any other filing, that good cause exists for withdrawal. The Court is particularly concerned about the ethical implications of counsel's withdrawal because, in this case, it appears that Plaintiff cannot proceed without representation. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1320–21 (10th Cir. 2000) (upholding trial court's dismissal of the plaintiff's pro se class action suit because, as a non-attorney, he could not "adequately represent the putative class"). The withdrawal of Plaintiff's counsel is therefore more than usually injurious to Plaintiff's interests. In light of the foregoing, the Court will exercise its discretion to reconsider and revise its prior interlocutory Order. *See* Fed. R. Civ. P. 54(b); *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders.").

**IT IS THEREFORE ORDERED** that the Order Granting Motion to Withdraw (ECF No. 34) is **VACATED**. Plaintiff's Unopposed Motion for Withdrawal of Attorneys (ECF No. 32) is **DENIED**. Any further concerns on behalf of Plaintiff's counsel will be taken up at the status conference set for March 21, 2022, at 12:00 PM.[2]

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[1] While the New Mexico Rules of Professional Conduct enumerate several other circumstances in which an attorney may withdraw from representing a client, *see* N.M. R. Prof'l Cond. 16-116(B)(1)–(6), Plaintiff's counsel did not represent in their Motion that any of those circumstances are present in this case.

[2] Counsel's attendance at the status conference is strictly required.