IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YOHANNA GERGES,
individually and on behalf
of all others similarly situated,

    Plaintiff,

v.                                     Civ. No. 1:21-cv-00810 MIS/GJF

WELLS FARGO BANK N.A.,

    Defendant.

## ORDER OF DISMISSAL

THIS MATTER comes before the Court upon review of the Notice of Non-Commencement of Arbitration filed by Defendant Wells Fargo Bank N.A. ("Wells Fargo"). ECF No. 37. On December 7, 2021, the Court granted Wells Fargo's Motion to Compel Arbitration and stayed this action in accordance with the Federal Arbitration Act ("FAA"). ECF No. 24. Plaintiff was subsequently ordered to commence arbitration no later than May 20, 2022, if he intended to pursue his claims against Wells Fargo. ECF No. 36. Plaintiff was explicitly warned that if arbitration was not initiated by the stated deadline, the case would be dismissed with prejudice. *Id*. Arbitration has not yet been commenced as of May 25, 2022, five days after the deadline. *See* ECF No. 37.

The FAA directs the court to "stay the trial of the action until . . . arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. However, where no party has requested a stay and the order compelling arbitration disposes of all issues in the case, the district court may properly dismiss the plaintiff's claims in the form of a

1

final order. *Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793, 796–97 (10th Cir. 1995). Plaintiff has not requested a stay. Accordingly, the dismissal of Plaintiff's claims is proper.

**IT IS THEREFORE ORDERED** that all claims in this action are **DISMISSED WITH PREJUDICE.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE